## Crenny et ux. *v.* Philadelphia Rapid Transit Company, Appellant, and Thomas V. Monaghan.

*Negligence—Automobile—Collision with trolley car—Joint tortfeasors—Case for jury.*

In an action of trespass to recover damages for personal injuries, it appeared that the plaintiff was a passenger in a trolley car and was injured as the result of a collision between the car and a motor truck moving in an opposite direction. It also appeared that the space in which they were compelled to pass was limited, and that the driver of the trolley car had not reduced speed, even when he must have seen the approaching truck.

In such case it cannot be said that the motorman of the trolley car was free from negligence, and that the accident was caused solely by the careless driving of the chauffeur of the truck. Binding instructions in favor of the street railway company were properly refused and the case was for the jury.

Argued October 11, 1926. Appeals Nos. 68 and 69, October T., 1926, by Philadelphia Rapid Transit Company from judgment of C. P. No. 2, Philadelphia County, June T., 1925, No. 1621, in the case of James J. Crenny and Catharine Crenny, his wife, v. Philadelphia Rapid Transit Company and Thomas V. Monaghan. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STERN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Catharine Crenny in the sum of $500 and the plaintiff, James J. Crenny, in the sum of $150, and judgment thereon. Defendant, Philadelphia Rapid Transit Company, appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*George H. Detweiler,* for appellant.

*Robert V. Bolger,* for appellee.

OPINION BY HENDERSON, J., December 10, 1926:

The plaintiff, a passenger in one of the cars of the appellant, on the afternoon of August 7, 1924, was injured as the result of a side-swipe of the car with a Mack truck which was moving in an opposite direction on York Street, in Philadelphia. The action was against the street car company and the owner of the truck and judgment was obtained against each. The plaintiff's injury was attributed to the negligent operation of the street car and the truck. The appeal is by the Philadelphia Rapid Transit Company, which alleges that the accident was caused solely by the careless driving of the employe of Monaghan, the owner of the truck, and binding instructions for the defendant, and, after the verdict, judgment non obstante veredicto were asked in behalf of the appellant. These requests were refused. The appellant contends that this was error. Assuming the verity of the plaintiff's evidence and giving allowance to all the inferences reasonably arising therefrom, it appears in support of the action that the street car was passing under the bridge of the Pennsylvania Railroad which spans York Street and as it was emerging from the end of the bridge moving westwardly on an ascending grade, met

the truck which was proceeding eastwardly at or near the end of the bridge. There was a space of about ten feet four inches between the south rail of the track and the proximate curb; steel posts set in the sidewalk close to the curb supported the bridge. The truck was about seven feet in width with a protruding "ledge"; the overhang of the street car was not established. The evidence shows that the car was struck at about the fourth window on the side next the truck and that four window posts were broken; paint from the car appeared at the rear end of the truck on the side next the car. The respective drivers had a view of the approaching vehicles for a distance of two hundred feet or more; the street car was moving about twenty miles an hour with a swaying motion as it approached the truck; the latter had a speed of twelve or fourteen miles an hour. There was evidence that there was only a clearance of about eight inches between the car and the truck as they approached each other. The car was operated by one man. Photographs were introduced showing the place of the accident, the condition of the street and the appearance of the car and truck, which probably contributed to the result arrived at by the jury. When consideration is given to the narrow space along which trucks and other similar vehicles must move in passing a street car at that locality and having regard to the high degree of care resting on a carrier of passengers, we think the court could not have given binding instructions for the defendant under the evidence. With the truck in plain view it was the duty of the driver of the car to notice the narrow way along which it was moving and, if necessary, to reduce the speed or stop the car to avoid contact with it. The pavement appears from the photographs not to have been smooth and the jury might properly have found that in view of that condition and the swaying of the car there was a probability

of such an occurrence as took place.   The charge of the learned trial judge brought the attention of the jury to the relevant evidence presented on the respective sides and there is no complaint with regard to the fairness with which this was done.   We are unable to conclude that the case clearly shows freedom from negligence on the part of the driver of the trolley car. The request for binding instructions and for judgment non obstante veredicto were, therefore, properly refused.

The judgment is affirmed.